**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JAMES CROCKER,**

    **Plaintiff,**

v.   Case No:

**SYNCHRONY BANK**
**d/b/a WALMART CREDIT**,   **DEMAND FOR JURY TRIAL**

    **Defendant.**
_____/

**PLAINTIFF'S COMPLAINT**
**WITH INJUNCTIVE RELIEF SOUGHT**

    **COMES NOW**, Plaintiff, **JAMES CROCKER** ("Mr. Crocker" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendant **SYNCHRONY BANK d/b/a WALMART CREDIT** ("Defendant"), and in support thereof states as follows:

*Introduction*

1. This action arises out of a "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendant's violations of the Restrictions on Use of Telephone Equipment, 47 U.S.C. § 227 *et. seq.* ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), in attempting to collect such Debt by using an automatic telephone dialing system or an artificial voice or prerecorded message to call Mr. Crocker's Cellular Telephone after Mr. Crocker

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Crocker v. Synchrony Bank d/b/a Walmart Credit*
Page **1** of **9**

expressly revoked consent for Defendant to place such calls to his Cellular Telephone.

### *Jurisdiction and Venue*

2. This Court has subject matter jurisdiction over the instant case under 28 U.S.C. §1331.

3. Jurisdiction of this Court also arises Fla. Stat. § 559.77 (1).

4. Venue lies in this District pursuant to 28 U.S.C. § 1391 (b), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

### *Parties*

5. Plaintiff, Mr. Crocker, was and is a natural person and, at all times material hereto, is an adult, a resident of Pasco County, Florida, and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

6. Mr. Crocker is the regular user and subscriber of the cellular telephone number 727-*** - 8009 ("Mr. Crocker's Cellular Telephone"), and thereby is the "called party" as referenced in the TCPA, 47 U.S.C. § 227 (b) (1) (A) (iii).

7. At all times material hereto, Defendant was and is a federal savings bank with its headquarters located at 170 West Election Road, Suite 125, Draper, Utah 98420. Defendant regularly engages in business practices in the state of Florida.

### *Statements of Fact*

8. In or around early 2017, Mr. Crocker opened a line of credit with Defendant for consumer household purposes ("Account").

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Crocker v. Synchrony Bank d/b/a Walmart Credit*
Page **2** of **9**

9. Sometime thereafter, Mr. Crocker fell behind on his monthly payments to Defendant and incurred an outstanding balance on the Account ("Debt").

10. In or around July 2017, Defendant began placing calls to Mr. Crocker's Cellular Telephone in attempts to collect the Debt.

11. Mr. Crocker answered several of Defendant's first few calls and repeatedly demanded that Defendant stop calling his Cellular Telephone.

12. During one such conversation, Mr. Crocker also informed Defendant that he would make a payment on the Account as soon as he is able.

13. Despite Mr. Crocker's repeated demands, Defendant continued to place calls to Mr. Crocker's Cellular Telephone in attempts to collect the Debt.

14. Defendant called Mr. Crocker's Cellular Telephone at least thirty (30) times during the time period from July 2017 and September 2017.

15. Defendant called Mr. Crocker's Cellular Telephone from several different telephone numbers, including, but not limited to: 937-534-2103, 8006414526, and 913-789-2979.

16. Upon answering at least one of Defendant's first few calls, Mr. Crocker heard a pause before he was connected to a live representative of Defendant.

17. All of Defendant's calls to Mr. Crocker's Cellular Telephone were placed in an attempt to collect the Debt.

### *Count 1: Violation of the Telephone Consumer Protection Act*

18. Mr. Crocker re-alleges paragraphs 1-17 and incorporates the same herein by reference.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Crocker v. Synchrony Bank d/b/a Walmart Credit*
Page **3** of **9**

19. The Restrictions on Use of Telephone Equipment provision, 47 U.S.C. § 227 (b) (1) prohibits any person

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, . . . or any service for which the called party is charged for the call.

20. Mr. Crocker revoked consent to have Defendant call his Cellular Telephone by the use of an automatic telephone dialing system ("ATDS") or artificial voice or prerecorded message in or around July of 2017 when he expressly told Defendant to stop calling his Cellular Telephone.

21. Despite this revocation of consent, Defendant thereafter called Mr. Crocker's Cellular Telephone at least thirty (30) times.

22. Defendant did not place any emergency calls to Mr. Crocker's Cellular Telephone.

23. Defendant willfully and knowingly placed non-emergency calls to Mr. Crocker's Cellular Telephone.

24. Mr. Crocker knew that Defendant called Mr. Crocker's Cellular Telephone using an ATDS because he heard a pause when he answered at least one of the first few calls from Defendant on his cellular telephone before a live representative of Defendant came on the line.

25. Mr. Crocker knew that Defendant called Mr. Crocker's Cellular Telephone using a prerecorded voice because Defendant left Mr. Crocker at least one voicemail using a prerecorded voice.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Crocker v. Synchrony Bank d/b/a Walmart Credit*
Page **4** of **9**

26. Defendant used an ATDS when it placed at least one call to Mr. Crocker's Cellular Telephone.

27. Under information and belief, Defendant used an ATDS when it placed at least ten calls to Mr. Crocker's Cellular Telephone.

28. Under information and belief, Defendant used an ATDS when it placed at least twenty calls to Mr. Crocker's Cellular Telephone.

29. Under information and belief, Defendant used an ATDS when it placed all calls to Mr. Crocker's Cellular Telephone.

30. At least one call that Defendant placed to Mr. Crocker's Cellular Telephone was made using a telephone dialing system that has the capacity to store telephone numbers to be called.

31. At least one call that Defendant placed to Mr. Crocker's Cellular Telephone was made using a telephone dialing system that has the capacity to produce telephone numbers to be called without human intervention.

32. At least one call that Defendant placed to Mr. Crocker's Cellular Telephone was made using a telephone dialing system that uses a random number generator.

33. At least one call that Defendant placed to Mr. Crocker's Cellular Telephone was made using a telephone dialing system that uses a sequential number generator.

34. At least one call that Defendant placed to Mr. Crocker's Cellular Telephone was made using a prerecorded voice.

35. Defendant has recorded at least one conversation with Mr. Crocker.

36. Defendant has recorded more than one conversation with Mr. Crocker.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Crocker v. Synchrony Bank d/b/a Walmart Credit*
Page **5** of **9**

37. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message to place call individuals to collect alleged debts from said individuals, such as Mr. Crocker, for its financial gain.

38. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message, and to place calls to individuals using such devices, just as it did to Mr. Crocker's Cellular Telephone, with no way for the called party and recipient of the calls to permit, elect, or invoke the removal of the called party and recipient of the calls' cellular telephone number from Defendant's call list.

39. The structure of Defendant's corporate policies and/or procedures permits the continuation of calls to individuals like Mr. Crocker, despite individuals like Mr. Crocker revoking any consent that Defendant believes it may have to place such calls.

40. Defendant knowingly employs methods and has corporate policies and procedures that do not permit the cessation or suppression of calls placed using an ATDS to individual's cellular telephones, like the calls that it placed to Mr. Crocker's Cellular Telephone.

41. Defendant's phone calls harmed Mr. Crocker by trespassing upon and interfering with Mr. Crocker's rights and interests in his Cellular Telephone line.

42. Defendant's phone calls harmed Mr. Crocker by wasting his time.

43. Defendant's phone calls harmed Mr. Crocker by being a nuisance and causing him aggravation.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Crocker v. Synchrony Bank d/b/a Walmart Credit*
Page **6** of **9**

44. Defendant's phone calls harmed Mr. Crocker by causing a risk of personal injury to Mr. Crocker due to interruption and distraction.

45. Defendant's phone calls harmed Mr. Crocker by invading his privacy.

46. All conditions precedent to this action have occurred.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

   a. Awarding statutory damages as provided by 47 U.S.C. § 227 (b) (3) (B), which allows for $500 in damages for each such violation;

   b. Awarding treble damages pursuant to 47 U.S.C. § 227 (b) (3) (C);

   c. Awarding Plaintiff costs;

   d. Ordering an injunction preventing further wrongful contact by the Defendant; and

   e. Any other and further relief as this Court deems equitable.

### *Count 2: Violation of the Florida Consumer Collection Practices Act ("FCCPA")*

47. Mr. Crocker re-alleges paragraphs 1-17 and incorporates the same herein by reference.

48. Defendant violated the FCCPA. Defendant's violations include, but are not limited to, the following:

   a. Defendant violated Fla. Stat. § 559.72(7) by willfully communicating with Mr. Crocker with such frequency as can reasonably be expect to harass Mr. Crocker, by causing Mr. Crocker's Cellular Telephone to ring continuously.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Crocker v. Synchrony Bank d/b/a Walmart Credit*
Page **7** of **9**

    b. Defendant also violated Fla. Stat. § 559.72(7) by willfully communicating with Mr. Crocker despite his repeated demands that Defendant cease its debt collection calls.

49. As a result of the above violations of the FCCPA, Mr. Crocker has been subjected to unwarranted and illegal collection activities and harassment for which he has been damaged.

50. Defendant's actions have damaged Mr. Crocker by invading his privacy.

51. Defendant's actions have damaged Mr. Crocker by causing him embarrassment.

52. Defendant's actions have damaged Mr. Crocker by causing him stress.

53. Defendant's actions have damaged Mr. Crocker by causing him aggravation.

54. Defendant's actions have damaged Mr. Crocker by harming his reputation.

55. It has been necessary for Mr. Crocker to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

56. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

    a. Awarding statutory damages as provided by §559.77, Fla. Stat.;

    b. Awarding actual damages;

    c. Awarding punitive damages;

    d. Awarding costs and attorneys' fees;

    e. Ordering an injunction preventing further wrongful contact by the Defendant; and

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Crocker v. Synchrony Bank d/b/a Walmart Credit*
Page **8** of **9**

      f.    Any other and further relief as this Court deems equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, James Crocker, demands a trial by jury on all issues so triable.

Respectfully submitted this **January 12, 2018**,

*/s/ Michael A. Ziegler*
Michael A. Ziegler, Esq.
Florida Bar No. 74864
mike@zieglerlawoffice.com

*/s/ Kaelyn Steinkraus*
Kaelyn Steinkraus, Esq.
Florida Bar No. 125132
kaelyn@zieglerlawoffice.com

Law Office of Michael A. Ziegler, P.L.
13575 58th Street North, Suite 129
Clearwater, FL 33760
(p)  (727) 538-4188
(f)  (727) 362-4778
Attorneys and Trial Counsel for Plaintiff

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Crocker v. Synchrony Bank d/b/a Walmart Credit*
Page **9** of **9**